|  |  |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>Caption in Compliance with D.N.J. LBR 9004-2(c)<br><br>**GENOVA BURNS LLC**<br>110 Allen Road, Suite 304<br>Basking Ridge, NJ  07920<br>Phone: (973) 467-2700<br>*Counsel for InvaTech Pharma Solutions LLC*<br>**DANIEL M. STOLZ, ESQ.**<br>**DONALD W. CLARKE, ESQ.**<br>**SUSAN S. LONG, ESQ.**<br>*dstolz@genovaburns.com*<br>*dclarke@genovaburns.com*<br>*slong@genovaburns.com* |  |
| In re:<br><br>**INVATECH PHARMA SOLUTIONS LLC,**<br><br>              Debtor-in-Possession. | Case No.: 25-11482<br><br>Hon. Christine M. Gravelle<br><br>Chapter 11 |

### MOTION SEEKING ENTRY OF AN ORDER AUTHORIZING THE DEBTOR TO ASSUME ITS UNEXPIRED LEASE FOR NONRESIDENTIAL REAL PROPERTY

Invatech Pharma Solutions LLC (hereinafter, the "Debtor" or "InvaTech"), by and through its counsel, Genova Burns LLC, hereby submits this motion (the "Motion") for entry of an Order authorizing the assumption of the unexpired lease for nonresidential real property with. In support of the Motion, the Debtor respectfully states as follows:

### JURISDICTION & VENUE

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are section 105(a) of the Bankruptcy Code, and Fed. R. Bank. P. 9006(b)(1).

**BACKGROUND**

3. On February 13, 2025 (the "Petition Date"), the Debtor filed a voluntary Chapter 11 petition for relief in the United States Bankruptcy Court for the District of New Jersey, thereby commencing the above-captioned bankruptcy case.

4. For general background detail, the Debtor references the *Declaration of Nilesh M. Patel* in Support of Debtor's Chapter 11 Petition and First Day Motions (the "Patel Declaration"). The facts recited within the Patel Declaration are incorporated herein by reference.

**RELIEF REQUESTED & BASIS THEREFOR**

5. By this Motion, the Debtor seeks authorization to assume the unexpired lease detailed below.

6. Section 365(a) of the Bankruptcy Code provides that a debtor, "subject to the court's approval, may assume … any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a).

7. However, if there has been a default in that executory contract or lease, then the debtor may not assume the contract until it: (A) cures, or provides adequate assurance that it will promptly cure, the default prior to assumption; (B) compensates, or provides adequate assurance that [it] will promptly compensate, a party … to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and (C) provides adequate assurance of future performance under such contract or lease. 11 U.S.C. § 365(b).

8. Section 363 of the Bankruptcy Code addresses the debtor's use of property of the estate and incorporates a business judgment standard. *ASARCO, Inc. v. Elliott Mgmt. (In re Asarco, L.L.C.)*, 650 F.3d 593, 601 (5th Cir. Tex. 2011).

9. Section 365 "enables the [debtor] to maximize the value of the debtor's estate by assuming executory contracts that benefit the estate and rejecting those that do not." *In re S.A. Holding Co.*, 357 B.R. 51, 56 (Bankr. D.N.J. 2006).

10. Courts apply the business judgment test in determining whether to approve a debtor's motion to assume an executory contract or unexpired lease. *Id.* at 56. That lenient test requires the court to allow the debtor to assume a contract so long as the assumption benefits the estate. *In re Central Jersey Airport Services*, 282 B.R. 176, 183 (Bankr. D.N.J. 2002). "Once the debtor meets its burden, the non-debtor party bears the burden of proving that the debtor's decision derives from bad faith, whim, or caprice." *Id.* at 183.

11. In addition to satisfying the business judgment test, a debtor must also cure all outstanding prepetition arrears under the contract and must show adequate assurance of future performance. 11 U.S.C. § 365(b).

12. Section 105(a) grants bankruptcy courts authority to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a).

### *Lease to be Assumed*

13. On February 6, 2024, the Debtor executed the Third Amendment to the Lease Agreement (the "Third Amendment") with Highview Partners, LLC (the "Landlord"). The Third Amendment provides for a reduction of 33,600 rentable square feet from the premises occupied by the Debtor upon Landlord's execution of a new lease with an unrelated, non-debtor tenant ("New Tenant"). Until such time as rent commencement under said lease with New Tenant, Debtor's Base Rent for the premises shall be $9.15 per square foot ($52,002.50) per month for the entirety of the premises (68,200 square feet).

14. That portion of the Premises to be removed from the Debtor's lease with the Landlord is currently occupied by AIM Rx 3PL LLC ("Subtenant"), an entity that, following the closing of a transaction (the "Equity Closing"), will be wholly owned by New Tenant. Subtenant has been and is a subtenant of the Debtor pursuant to the prior sublease agreement between Subtenant and Debtor, dated effective February 6, 2024 (the "Sublease"). At the time of the Equity Closing, the Sublease shall be deemed automatically rejected and terminated concurrently with the signing of the new lease by the Landlord and New Tenant, as contemplated by paragraph 2 of the Third Amendment.

15. In the instant case, the Debtor has satisfied all of the requirements necessary to assume the Third Amendment because it is current on its pre- and post-petition obligations under the Third Amendment, except for that certain pre-petition February rent and February stub rent.

16. The Premises defined within the Third Amendment Lease is necessary for the Debtor's continued operations.

17. Assumption of the Third Amendment benefits the estate as it will allow the Debtor to continue operating, which will realize value for Debtor's estate and its creditors.

### *Waiver of Requirement of 6006(d)*

18. Additionally, Bankruptcy Rule 6006(d) provides that "[a]n order authorizing the trustee to assign an executory contract or unexpired lease under § 365(f) is stayed until expiration of 14 days after the entry of the order, unless the court orders otherwise. Fed. R. Bankr. P. 6006(d).

19. The Debtor respectfully requests that the Court waive the requirement set forth in Bankruptcy Rule 6006(d) because it may maintain uninterrupted business operations.

## NOTICE

20. Notice of this Motion has been provided to the following parties, or their counsel, if known: (a) the Office of the United States Trustee; (b) the Landlord; (c) the Official Committee of Unsecured Creditors; and (d) all parties who have requested service of notices in the Bankruptcy Case pursuant to Bankruptcy Rule 2002. The Debtor respectfully submits that such notice is sufficient under the circumstances.

## CONCLUSION

**WHEREFORE,** the Debtor respectfully requests the entry of the proposed order submitted herewith: (1) granting the assumption of the Third Amendment; (2) authorizing the termination and rejection of the Sublease upon the execution of the new lease by the Landlord and the New Tenant as set forth in paragraph 2 of the Third Amendment, and (3) granting such other and further relief, as this Court deems just and proper.

Respectfully submitted,

**GENOVA BURNS, LLC**
Counsel to Debtor-in-Possession

Date: May 13, 2025            By: */s/ Donald W. Clarke*
                              DONALD W. CLARKE