UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-2(c)**
**WILENTZ, GOLDMAN & SPITZER P.A.**
90 Woodbridge Center Drive
Suite 900, Box 10
Woodbridge, New Jersey  07095
(732) 636-8000
DAVID H. STEIN, ESQ.
*Attorneys for Landlord, Highview Partners, LLC.*

In re:

INVATECH PHARMA SOLUTIONS LLC,

                Debtor.

Case No.: 25-11482  (CMG)

Chapter 11

Judge:  Hon. Christine M. Gravelle

Hearing Date: May 27, 2025
               at 2:00 p.m.

**RESPONSE OF HIGHVIEW PARTNERS, LLC TO DEBTOR'S MOTION TO ASSUME THIRD AMENDMENT TO LEASE WITH HIGHVIEW PARTNERS, LLC AND RESERVATION OF RIGHTS**

The Response of Highview Partners, LLC (the "Landlord") to the Motion of Invatech Pharma Solutions LLC (the "Debtor") for Assumption of Third Amendment To Lease [Doc 87] in accordance with an Order Granting Application to Shorten Time dated May 14, 2025 [Doc 89] scheduling a hearing on May 27, 2025 at 2:00 p.m., submitted by and through its undersigned counsel, respectfully represents unto this Court as follows:

1.      On February 13, 2025 (the "Petition Date"), the Debtor filed a voluntary Chapter 11 petition for relief in the United States Bankruptcy Court for the District of New Jersey, thereby commencing the above-captioned bankruptcy case.

2.      In connection with its reorganization efforts, Debtor has served a Motion for Assumption of Third Amendment to Lease dated May 13, 2025.

#95299081.1 169078.001

3.　　　The Landlord is the landlord of the Debtor under an executory unexpired lease of non-residential real property, as said term is defined in 11 U.S.C. § 365(d)(3).

4.　　　The Landlord maintains a claim against the Debtor and an interest under the following Lease Agreements:[1]

　　　i.　　　Lease Agreement dated October 31, 2011 by and between InvaTech Pharma, LLC and Highview Properties–One, LLC[2], as amended by Amendment to Lease dated as of February 15, 2012, as further amended by First Amendment to Lease Agreement dated December 22, 2015, as further amended by Second Amendment to Lease dated November 12, 2012, as further amended by Amendment to Lease Agreements dated January 31, 2022 (collectively, "Lease Agreement 1");

　　　ii.　　　Lease Agreement dated August 12, 2015 by and between InvaTech Pharma, LLC and Highview Properties – One, LLC, as amended by First Amendment to Lease Agreement dated December 22, 2015, as further amended by First Amendment to Lease & Commencement Date Certificate dated February 4, 2016, as further amended by Second Amendment to Lease dated May 1, 2017, as further amended by Amendment to Lease Agreements dated January 31, 2022, as further amended by Third Amendment to Lease Agreement dated February 7, 2025 (collectively, "Lease Agreement 2"); and

　　　iii.　　　Lease Agreement dated February 4, 2021 by and between InvaTech Pharma Solutions, LLC and Highview Partners, L.L.C., as amended by Amendment to Lease

---

[1] The Lease documents are voluminous and are in possession of the Debtor; they will be produced upon request.

[2] Effective July 1, 2029, Highvew Properties–One, LLC merged with and became known as Highview Partners, LLC.

#95299081.1 169078.001

Agreements dated January 31, 2022 (collectively, "Lease Agreement 3" and, together with Lease Agreement 1 and Lease Agreement 2, the "Lease Agreements").

5.      On February 6, 2025, Debtor executed a proposed Third Amendment to Lease Agreement (the "Third Amendment") with Landlord which includes a space reduction upon Landlord's execution of a new direct lease with an unrelated, non-debtor tenant, AIM Rx 3PL LLC following closing of a transaction. A copy of the Third Amendment is attached hereto as **Exhibit "<u>A</u>"**.

6.      As a condition of any approval, however, the Landlord expects and requires immediate payment of the sum of no less than $284,904.32 (the "Landlord's Cure Amount") for base rent and other charges including, but not limited to, CAM charges, utilities charges, real estate taxes, insurance charges and attorneys' fees.  A copy of the Statement of Cure Amount as of May 15, 2025 is attached hereto as **Exhibit "<u>B</u>"**.

7.      Landlord does not object to the assumption of the Lease, subject to execution and delivery of adequate, customary documentation as circulated by the Landlord to the parties, including the Debtor and AIM Rx 3PL LLC and their representatives, provided that the full Landlord's Cure Amount, with any further accruals, is immediately paid to the Landlord.

8.      As a threshold matter, Landlord's Cure Amount and other amounts which have accrued pre- and post-petition must be paid to the Landlord in order for the Lease to be assumed, including all other commercially reasonable expenses incurred by Landlord in enforcing Landlord's rights and remedies and in preparing documentation.

9.      When the debtor assumes the lease or the contract under Section 365, it must assume both the benefits and the burdens of the contract. <u>City of Covington v. Covington Landing Limited Partnership</u>, 71 F.3d 1221, 1226 (6th Cir. 1995). The property owner is entitled, upon

lease assignment and assumption; to receive it has bargained for exchange. <u>In re Joshua Slocum Ltd.</u>, 922 F.2d 1081 (3rd Cir. 1990).

<u>**RESERVATION OF RIGHTS**</u>

10.      Landlord reserves the right to amend its Landlord's Cure Amount for other amounts which have not yet been billed or which have not yet become due under the terms of the Lease Agreements (the "Adjustment Amounts") and to present other objections and other documentation provided by Debtor.

<u>**CONCLUSION**</u>

For the reasons set forth hereinabove, Highview Partners, LLC respectfully requests that (i) in the event that the Lease is assumed, Debtor shall be ordered to immediately pay the full Landlord's Cure Amount up to the assumption date; (ii) that the Debtor-Tenant, be required to pay post-petition rent and the Adjustment Amounts and to continue to comply with all terms and obligations of the Lease Agreements in the ordinary course of business; (iii) that all rights are reserved regarding any hearing to review future performance; and (iv) for such other and further relief as the Court deems equitable, just and proper under the circumstances.

Dated: May 22, 2025

Respectfully submitted,

**WILENTZ, GOLDMAN & SPITZER, P.A.**
*Attorneys for Highview Partners, LLC*


By:  */s/ David H. Stein*
       David H. Stein, Esq.

## CERTIFICATION OF SERVICE

I hereby certify that in accordance with the Notice that the foregoing response was filed electronically with the Clerk of the Court on May 22, 2025 and simultaneously served on the following notice parties via ECF:

Donald Clarke, Esq.
Susan S. Long, Esq.
Genova Burns LLC
110 Allen Road, Suite 304
Basking Ridge, NJ  07920
Counsel for Debtor

Lauren Bielskie, Esq.
Office of the US Trustee
One Newark Center, Suite 2100
Newark, NJ  07102

I hereby certify under penalty of perjury that the foregoing is true and correct.

Dated: May 22, 2025                    **WILENTZ, GOLDMAN & SPITZER, P.A.**
                                       *Attorneys for Highview Partners LLC*


                                       By: _/s/ David H. Stein_____
                                            David H. Stein, Esq.

5

#95299081.1 169078.001