Order Filed on July 8, 2025
by Clerk
U.S. Bankruptcy Court
District of New Jersey

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
Caption in Compliance with D.N.J. LBR 9004-2(c)

**GENOVA BURNS LLC**
110 Allen Road, Suite 304
Basking Ridge, NJ  07920
Phone: (973) 467-2700
*Proposed Counsel for InvaTech Pharma Solutions LLC*
**DANIEL M. STOLZ, ESQ.**
**DONALD W. CLARKE, ESQ.**
**SUSAN S. LONG, ESQ.**
dstolz@genovaburns.com
dclarke@genovaburns.com
slong@genovaburns.com

In re:

**INVATECH PHARMA SOLUTIONS LLC,**

　　　　　　Debtor-in-Possession.

Case No.: 25-11482

Hon. Christine M. Gravelle

Chapter 11

# AMENDED ORDER AUTHORIZING RETENTION
# OF <u>SPEKTRUM CAPITAL ADVISORS, LLC</u>

The relief set forth on the following pages is hereby **ORDERED**

**DATED: July 8, 2025**

*[Signature]*
Honorable Christine M. Gravelle, Chief Judge
United States Bankruptcy Judge

| | |
|---|---|
| Debtor: | InvaTech Pharma Solutions LLC |
| Case No.: | 25-11482 (CMG) |
| Caption: | Revised Order Authorizing Retention of Spektrum Capital Advisors, LLC |

Upon the Debtor's request for authorization to retain SPEKTRUM CAPITAL ADVISORS, LLC as Investment Banker (the "Professional"), located at 5 Banko Farm Road, Dayton, NJ 08810, by and through its counsel, Genova Burns, LLC, it is hereby **ORDERED**:

1. In accordance with Title 11 U.S.C. §§ 327(a) and 328(a), Fed. R. Bankr. P 2014(a) and 2016, Local Rules 2014-1 and 2016-1, the Debtor is authorized to retain the Professional pursuant to the terms set forth in the Engagement Letter, as modified herein.

2. The effective date of retention is May 1, 2025, the date Debtor originally filed the Application for Retention of the Professional in this case.

3. The Debtor is authorized to pay the Professional the monthly fee of $5,000 for four (4) months. Notwithstanding, the Professional shall keep time records, identifying the timekeeper and date of services, in 0.5 hour increments and shall submit a final fee application for allowance of compensation for services and reimbursement of expenses pursuant to, and in accordance with, the procedures set forth in Title 11 U.S.C. §§ 330 and 331, Federal Rules of Bankruptcy Procedure, Local Rules, U.S. Trustee Guidelines, and any applicable orders or procedures of this Court; and the fees, expenses, and other compensation, including any "success fee," shall be subject to review pursuant to the standard of review set forth in Section 330 for reasonableness. Accordingly, nothing in this Order or the record shall constitute a finding of fact or conclusion of law binding on the U.S. Trustee, on appeal or otherwise, with respect to the reasonableness of the Professional's fees, expenses, and other compensation or reimbursement requests. Any fees paid to the Professional are subject to disgorgement if not approved through a final fee application.

Page 3

| | |
|---|---|
| Debtor: | InvaTech Pharma Solutions LLC |
| Case No.: | 25-11482 (CMG) |
| Caption: | Revised Order Authorizing Retention of Spektrum Capital Advisors, LLC |

4. The indemnification and contributions provisions in the Engagement Agreement are approved, subject during the pendency of this Chapter 11 case to the following modifications:

- No Indemnified Person (as defined in the Engagement Agreement) shall be entitled to indemnification, contribution or reimbursement pursuant to the Engagement Agreement unless approved by this Court.

- Notwithstanding anything to the contrary in the Engagement Agreement, the Debtor shall have no obligation to indemnify any Indemnified Person, or provide contribution or reimbursement to any Indemnified Person, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from any Indemnified Person's gross negligence, fraud, willful misconduct, breach of fiduciary duty, bad faith or self-dealing; (ii) for a contractual dispute in which the Debtors allege the breach of any Indemnified Person's contractual obligations under the Engagement Agreement, unless the Court determines that indemnification, contributions, or reimbursement would be permissible pursuant to *In re United Artists Theatre Company*, 315 F.3d 217 (3d Cir. 2003); or (iii) settled without the Debtor's consent prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by this Court, after notice and a hearing, to be a claim or expenses for which the Indemnified Person should not receive indemnity, contribution, or reimbursement under the terms of the Engagement Agreement, as modified by this Order; and

Page 4

| | |
|---|---|
| Debtor: | InvaTech Pharma Solutions LLC |
| Case No.: | 25-11482 (CMG) |
| Caption: | Revised Order Authorizing Retention of Spektrum Capital Advisors, LLC |

- If, before the earlier of (i) the entry of an order confirming a Chapter 11 plan in this case (such order having become a final order no longer subject to appeal) and (ii) the entry of an order closing this Chapter 11 case, any of the Indemnified Persons believes that it is entitled to payment of any and all amounts by the Debtor on account of the Debtor's indemnification, contributions, and/or reimbursement of obligations under the Engagement Agreement (as modified by this Order), including, without limitation, the advancement of defense costs, such Indemnified Person must file an application in this Court, and the Debtor must not pay any such amounts to such Indemnified Person before entry of an order by this Court approving the payment. This subparagraph is intended only to specify the period of time under which this Court shall have jurisdiction over any request for fees and expenses by the Indemnified Persons for indemnification, contribution, or reimbursement, and is not a provision limiting the duration of the Debtor's obligation to indemnify or make contributions or reimbursements to the Indemnified Persons. All parties in interest shall retain the right to object to any demand by the Indemnified Persons for indemnification, contribution or reimbursement.

5. Any limitation of liability provisions are hereby eliminated for the duration of this Chapter 11 case.

6. Notwithstanding anything to the contrary in the Application, Engagement Agreement or Radhakrishnan Declaration, the Professional shall, to the extent it uses the services of contract

Page 5

| | |
|---|---|
| Debtor: | InvaTech Pharma Solutions LLC |
| Case No.: | 25-11482 (CMG) |
| Caption: | Revised Order Authorizing Retention of Spektrum Capital Advisors, LLC |

attorneys, independent contractors or subcontractors (collectively, the "Contractors") in this Chapter 11 case, (i) pass through the cost of such Contractors at the same rate that the Professional pays the Contractors; (ii) seek reimbursement for actual costs only; (iii) ensure that the Contractors (to the extent they are attorneys, accountants, or other agents) (A) are subject to the same conflict checks and disclosures as required by the Professional and (B) file with the Court such disclosures required by Fed. R. Bankr. P 2014; and (iv) attach any such Contractor invoices to its monthly fee statements, interim fee applications and/or final fee applications in these cases.

7. Notwithstanding anything to the contrary in the Application, Engagement Agreement or Radhakrishnan Declaration, the Professional shall seek reimbursement from the Debtor's estate for its engagement-related expenses at the Professional's actual cost.

8. The Professional shall not seek reimbursement from the Debtor's estate for any fees incurred in defending any of the Professional's fee applications in this case.

9. Notwithstanding anything to the contrary in the Application, Engagement Agreement or Radhakrishnan Declaration, the Professional must provide notice and seek Court approval before terminating its engagement with the Debtor.

10. The Professional shall use its best efforts to avoid any duplication of services provided by any of the Debtor's other retained professionals in this case.

11. To the extent there is any inconsistency between this Order, the Application, the Engagement Agreement, and the Radhakrishnan Declaration, this Order shall govern.

12. This Court shall retain jurisdiction to hear and determine all matters arising from or related to implementation, interpretation or enforcement of this Order.